18-151519

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE - WESTERN DIVISION

| | |
|---|---|
| State Farm Fire and Casualty Company<br>As subrogee of Talus Properties, Inc.<br>And Melrose Midtown, LLC<br>      Pro Se Plaintiff,<br><br>V<br><br>Jose Alfredo Sandoval<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. 2:19-cv-2330<br>)<br>)<br>) |

### DEFENDANT JOSE ALREDO SANDOVAL'S ANSWER TO AMENDED COMPLAINT

The Defendant, Jose Alfredo Sandoval, responds to the Plaintiff's Amended Complaint as follows:

### A. ADMISSIONS AND DENIALS

| Complaint Paragraph | Response |
|---|---|
| 1. | Upon information and belief, admits. |
| 2. | Admits the identity and residence of Defendant, Jose Alfredo Sandoval ("Sandoval") and that he may be served with process at his residence. Admits that Sandoval held himself out as available for employment in the State of Tennessee for electrical work but otherwise denied. |
| 3. | Admits. |
| 4. | Admits. |
| 5. | Admits that the events or transactions alleged occurred in Memphis, Shelby County Tennessee and that venue is proper in this Court.  Denies that Defendant Sandoval was guilty of any omissions as alleged herein. |

6. Admits that Talus Properties, Inc. (hereafter "Talus") owned or has owned the property described in this paragraph. Upon information and belief, Melrose Midtown, LLC (hereafter "Melrose") owns or has owned the same property but the exact date or timing of transfer of ownership between Talus and Melrose is currently unknown to Defendant Sandoval. Therefore, Defendant Sandoval is without knowledge or information sufficient to admit or deny the allegations of this paragraph.

7. Admits generally but affirmatively states that the nature of the relationship between Sandoval and Talus is subject to further discovery and may be an employer-employee relationship. Admits that Exhibit A is a true and correct copy of the "Contract" as alleged by Plaintiff.

8. Admits that the language recited in this paragraph is contained within the "Contract" as alleged by Plaintiff but see additional defenses as listed below.

9. Admits.

10. Admits transfers in ownership at some point in time but without knowledge or information sufficient to form a belief as to the exact date of such transfers of ownership. Without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

11. Upon information and belief, admits that Exhibit C represents an assignment of Talus' rights to Melrose regarding the subject property.

12. Admitted that Exhibit B is a true and correct copy of the amendment to the "Contract."

13. Denies that any "fire" occurred as alleged by Plaintiff. Admits that an electrical event such as an arc occurred but denies that

        the same was "fire" and further denies any such event was caused by Defendant Sandoval.

14. Denies.

15. Denies.

16. Without knowledge or information sufficient to form a belief as to the truth of the allegations.

17. Upon information belief admits that Plaintiff made some payments to Talus or Melrose but without knowledge or information as to all contractual basis for such payments. Denies that any "fire" occurred and without knowledge as to the nature of any payments for any electrical event.

18. To the extent Plaintiff made payments to Talus or Melrose pursuant to an insurance contract that allows for equitable subrogation, Plaintiff has a right of recovery, however Defendant is without knowledge or information regarding the contents of any contract between Plaintiff and Talus or Melrose. Denies that any "fire" occurred and without knowledge as to any damages for which insurance payments may have been made.

19. Admits that Sandoval undertook to discharge his employment or work duties with reasonable care so as not to damage property of others. Without knowledge or information sufficient to form a belief as to the truth of the remaining allegations because Plaintiff fails to adequately define the scope of its allegation regarding "professional electrician."

20. Admits the general and broad allegations regarding the statement of law contained in this paragraph and the associated footnote but denies the breach of any such duty by Defendant Sandoval.

21. Admits the general and broad allegations regarding duty but denies violation of any such duty.

22. Denies.

23. Denies.

24. Denies.

25. Denies that a "fire" occurred. Admits that Defendant Sandoval was retained to do certain work. Denies the remaining allegations.

26. Admits generally the expression of the law contained herein, however, the nature of the relationship between Talus, Melrose and Defendant Sandoval is subject to further discovery. Therefore, currently without knowledge or information sufficient to form a belief as to the applicability of such broad legal allegation. Denies that Defendant Sandoval breached any common law, statutory, or contractual duty to Talus or Melrose.

27. Denies.

28. Admits that there were deficiencies in the Talus or Melrose building but denies that such deficiencies were caused by Defendant Sandoval. See Additional Defenses below.

29. Denies.

30. Without knowledge or information sufficient to form a belief as to the truth of the allegations. Denies any such waiver.

31. Denies that Plaintiff is entitled to the relief requested.

**B.     GENERAL DENIAL**

All allegations in the Complaint not admitted, denied, or explained are expressly denied.

**C.     ADDITIONAL DEFENSES**

1.     Sandoval acted with that degree of care of a reasonably prudent person in the same or similar circumstances.  Therefore, he was not negligent, and the Plaintiff may not recover against him.  Sandoval further denies that he breached any contractual duty to Plaintiff's subrogors and therefore Plaintiff may not recover against him.

2.     Upon information and belief, numerous persons including employees of Talus or Melrose and/or contractors of Talus or Melrose performed electrical work at the apartment building at issue in this cause.  The identity of all such employees or contractors is unknown to Sandoval at this time, however, the identity of such persons is known Talus or Melrose.  Upon discovery of the identity of such persons and upon discovery of the work performed by such persons, Sandoval reserves the right to amend this Answer to assert the fault of such persons and specifically to assert the breach of the duties of such persons, as described in Paragraph 21 of the Complaint in this cause, as the cause of the damages asserted by the Plaintiff herein.  The claims of negligence in paragraphs 18 through 23 in the Complaint are adopted by reference pursuant to Fed. R. Civ. P. 10.04 to such to persons as the sole proximate cause or causes of the Plaintiff's damages and Sandoval seeks leave to amend to identify such persons with specificity upon further discovery as may be necessary.

3.     Plaintiff's injuries and damages were caused, in whole or in part, by third parties over whom Sandoval exercised no control.

4. Negligent acts or omissions on the part of the Plaintiff's subrogors, Talus and/or Melrose, individually and their principal, Chris Robbins, contributed to the cause of its damages, the same is hereby pled as an affirmative defense, including the defenses of comparative fault or failure to mitigate.

5. The doctrine of modified comparative fault as adopted by the State of Tennessee is specifically pled herein and to the extent of negligence on the part of Plaintiff's subrogors or the persons identified in Paragraph C.2 above, Sandoval's liability, if any, should be barred or proportionately reduced.

6. Upon information and belief, Plaintiff's subrogors, Talus or Melrose, failed to preserve important evidence relevant to proving or disproving the origin and cause of the electrical event alleged in the Complaint. As Plaintiff's subrogors, Talus or Melrose are agents of the Plaintiff and therefore their spoliation of evidence is imputed to Plaintiff. Therefore, Plaintiff's claim should be limited or barred because of such spoliation of evidence.

7. The principal of Talus and Melrose is Chris Robbins. Chris Robbins is an attorney licensed to practice law in one or more states of the United States. Additionally, Chris Robbins owns or operates businesses in several states. As a highly educated and sophisticated businessman and as an attorney with specialized knowledge regarding contracts and contracts law, as the principal of Talus and Melrose, Robbins exercised dominance and control over the process and substance of hire and contract with Defendant Sandoval, an electrical worker who speaks very little English. The contract alleged in the Complaint is a contract of adhesion and is both procedurally and substantively unconscionable due to the acts of Plaintiff's subrogors, Talus or Melrose

through its principal, Chris Robbins.  Recovery by Plaintiff based on contract is therefore barred.

8. Plaintiff's subrogors, Talus and Melrose, through their common principal, Chris Robbins, exercised control on the details of the work performed by Defendant Sandoval. Any such alleged deficiencies of Defendant Sandoval are, therefore, imputed to Plaintiff's subrogors and by extension, therefore, to Plaintiff thereby barring Plaintiff's recovery against Defendant.

9. Chris Robbins, individually and in his capacity as principal for Talus and Melrose and/or Talus and Melrose undertook to construct, supervise, oversee, schedule, direct or assume charge of construction, alteration, repair, improvement, movement, demolition, putting up, tearing down, or furnishing labor to install material or equipment for the property that is subject of this cause of action at a total cost greater than $25,000.00. These actions undertaken by Mr. Robbins, Talus and Melrose were for the purpose or renovating Talus and Melrose property for public use. As such, Mr. Robbins and/or Talus and Melrose were persons or entities engaged in contracting without a license in violation of Tenn. Code Ann. § 62-6-102 (3) and Tenn. Code Ann. § 62-6-103. Acting in the capacity of a contractor or general contractor or other construction manager and acting in the capacity of the designer for the overall renovation project a part of which Mr. Sandoval was hired to perform, Mr. Robbins and/or Talus and Melrose were guilty of the following acts of negligence and negligence *per se* or intentional acts which proximately caused or contributed to the cause of the damages alleged in the Amended Complaint:

a. Failure to exercise reasonable care to adequately and reasonably manage the renovation project;

b. Failure to exercise reasonable care to adequately coordinate the work of multiple contractors, sub-contractors, and employees;

c. Failure to exercise reasonable care in scheduling and coordinating the sequence of construction to be performed by multiple contractors, sub-contractors, and employees;

d. Failure to exercise reasonable care in obtaining and communicating necessary information to multiple contractors, sub-contractors, and employees;

e. Failure to exercise reasonable care in construction oversight regarding the renovation project;

f. Failure to exercise reasonable care in securing and maintaining the construction work sight;

g. Failure to exercise reasonable care to hire licensed contractors, sub-contractors, and employees;

h. Intentionally hiring non-licensed contractors, sub-contractors, and employees;

i. Failure to exercise reasonable care to obtain proper building or construction permits;

j. Intentionally failing to obtain proper building or construction permits;

k. Failure to exercise reasonable care in the design of the renovation project;

l. Failure to exercise reasonable care to insure that the design and all work performed by any contractor, sub-contractor, or employee was Code compliant;

m. Failure to exercise reasonable care to have familiarity with applicable building Codes in Memphis, Shelby County, Tennessee;

n. Violation of Tenn. Code Ann. § 62-6-102 (3) and Tenn. Code Ann. § 62-6-103 or other Tennessee contracting statutes.

These acts of negligence or negligence *per se* or intentional acts proximately caused or contributed to the cause of the damages alleged in the Amended Complaint thereby barring or proportionately reducing the liability of Mr. Sandoval, if any. *See State of Tennessee v. Howell*, W2012-02585-CCA-R3-CD (Tenn. Crim. App. 2014); 2014 WL 586003.

10. Interruption of business of Plaintiff's subrogors, and therefore any payments made by Plaintiff to its subrogors for the same, was caused in whole or in part by deficiencies in the property on which Defendant Sandoval performed no work including, but not limited to, deficiencies and code violations regarding other mechanical systems and physical construction components of the property and including work performed without proper permitting by Chris Robbins, individually and/or Talus and Melrose. In his or their role as the contractor, general contractor or other construction manager, Chris Robbins and/or Talus and Melrose were legally required to obtain proper permits or make sure that proper permits were obtained. Any work that had to be redone because of lack of property permitting is, therefore, the responsibility of Chris Robbins and/or Talus and Melrose. Therefore, recovery by Plaintiff for payments for interruption of business is barred.

### D.    **JURY DEMAND**

Having answered the Complaint, the Defendant hereby respectfully requests a trial by jury.

## E. PRAYER FOR RELIEF

Having answered the Complaint, the Defendant hereby respectfully requests the court to enter an Order dismissing this action and assessing all costs against the Plaintiff.

This the 10th day of March 2021.

                                        Respectfully submitted,

                                        **CLAYTON – LITTLE, PLLC**

By:   s/ John S. Little
        John S. Little (#014941)
        *Attorney for Defendant,*
        *Jose Alfredo Sandoval*
        325-A North Parkway
        Jackson, Tennessee 38305
        (731) 300-6260
        Email:  jlittle@clayton-little.com

## CERTIFICATE OF SERVICE

This is to certify that I served a copy of this pleading or paper personally, by mail, or by electronic filing, upon each attorney or firm of attorneys appearing of record for each adverse party or pro se party on or before the filing date thereof.

This the 10th day of March 2021.

                                        **CLAYTON – LITTLE, PLLC**

                                        /s/ John S. Little
                                        Attorney for Jose Alfredo Sandoval

**COPY SENT TO**:
Michael A. Durr
Quist, Fitzpatrick & Jarrard PLLC
2121 First Tennessee Plaza
800 South Gay Street
Knoxville, TN 37929-2121
Direct:  (865) 312-0440
Email:  mdurr@qcflaw.com
*Attorney for Plaintiffs,*
*State Farm Fire and Casualty Company*
*a/s/o Talus Properties, Inc. and Melrose Midtown, LLC*
*U.S. District Court - C.A. 2:19-cv-2330*

Adam M. Nahmias
Libby & Nahmias
5384 Poplar, Suite 410
Memphis, TN 38119
Phone: 901-343-0777
Email:  adam@lnlawmemphis.com
*Attorney for Intervening Plaintiffs, Talus Properties, Inc. and Melrose Midtown, LLC,*
*U.S. District Court - C.A. 2:19-cv-2330*